No. 406
### FIRST NAT. BANK, Guard., v. UNION TRUST CO
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4987. Decided April 18, 1924

1271. WILLS—Intention of testator held to vest estate in children immediately where trust cannot be executed—Trust estate held destroyed where widow elects to take under the common law and not under will.

LEVINE, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Eastwood died leaving a will. After making several legacies, the testator gave $6,000 a year, the income of his estate, to his wife during her lifetime. In order to guarantee this fixed income he made the Union Trust Co. trustee with a stipulation that a reserve fund was to be built up to $12,000 in order to keep the principal of his estate intact. Testator provided that the balance of the income from the property should be accumulated in a second reserve fund which was to be divided among the children alive at such time and in the case of death of any child, then that child's share to the issue, if any, of that child. The will also provided for the division of all the property in the hands of the trustee at time of death of the wife, to be equally made "among my children who shall be living at the time of the death of my said wife, or in case any of my said children shall have died leaving issue then the issue of said dead child or children shall take the share of their father or mother per stirpes and not per capita."

The trustee was given broad powers of investment. Instead of taking under the will, the widow elected to take under the common law, her share being $208,705.89. Subsequently the First National Bank of Birmingham, Ala., guardian of the minors of Arthur Eastwood, deceased, brought an action against the Union Trust Company, Cleveland as trustee, for an accounting and to recover all moneys in its possession. It was the claim of the plaintiff that by reason of the election of the widow to take under the law, the trust so created by the will terminated and the remainder thereof accelerated and vested at once in the children.

On the other hand, it was the contention of the defendant that the will gave to the children a contingent remainder only and whether or not any of the children should enjoy any share of the remainder of this estate depended upon the contingency of whether the particular child is alive at the time of the death of the testator's widow, and therefore, the trustee had not as yet fulfilled the trust reposed in it. The defendant also claimed that while it may be true that the purpose of the trust failed insofar as the payment of an annuity to the widow concerned, and also insofar as the creation of the two reserve funds was concerned, by the terms of the will the trustee could not perform the obligations devolved upon it until the contingency recited herein had taken place. In rendering a decree for the plaintiff, the court held:

1. The intention of the testator was that the estate was to vest in the children at the death of the wife only in the event that the

## STATE COURT OF APPEALS—Continued

trust agreement conferring the wife's interests therein could be carried out.

2. The moment the widow renounced her rights under the will and elected to take under the law of the State of Ohio and was paid accordingly, the trust was destroyed as its purpose had failed and the property immediately vested in the children of the testator.

Attorneys—Cook, McGowan, Foote, Bushnell and Burgess, for Bank; M. B. Johnson and H. H. Johnson for Trust Co.; all of Cleveland.